**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: TANSIL EDWARD PORTER AND KELLY NICHOLE PORTER, Debtors.** | **CASE NO. 26-14340-JDW** <br> **CHAPTER 12** |

# MOTION FOR INTERIM AND FINAL AUTHORITY TO USE CASH COLLATERAL

Tansil Edward Porter and Kelly Nichole Porter (the "Debtors") request authority to use cash collateral in the continued operation of Porter Farms, on an interim basis pending a final hearing and, after that hearing, through confirmation of their Chapter 12 plan. In support, the Debtors state:

**Background and need for cash collateral**

1. The Debtors filed their Chapter 12 petition on November 18, 2026, and remain in possession under 11 U.S.C. § 1203. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(M).

2. Tansil Porter operates Porter Farms as a sole proprietorship engaged in farming and dirt work. The businesses generate seasonal receipts and require continuing expenditures for supplies, fuel, repairs and insurance. Those operations, together with Kelly Porter's wages, support the household and provide the income from which the Debtors propose to fund their plan. See Schedule I and its attachment, Dkt. 1, pp. 38–40.

3. Guaranty Bank and Trust Company ("Guaranty") is scheduled with claims of $90,642.06 and $30,000.00 secured by equipment and other business collateral. Its claimed interests in accounts and proceeds may extend to cash the Debtors need for continuing operations. The Debtors therefore seek authority to use cash and receipts to the extent they constitute Guaranty's cash collateral. See Schedule D, Dkt. 1, p. 25.

**Proposed use and budget**

4. The operating cash projection attached as Exhibit A (the "Budget") sets out monthly receipts and expenditures from November 2026 through December 2027. The Debtors request authority to pay the ordinary operating and reasonable household expenses shown in the Budget, initially as necessary pending a final hearing and thereafter through confirmation, within the period covered by the Budget. Paragraphs 1 and 2 of the proposed orders implement these limits.

5. Because the Budget covers the next crop cycle, it includes a proposed $180,000.00 ARM advance and $130,000.00 in Triangle supplier credit. Approval of that financing will be sought by separate motions. The debt-service and Trustee-payment rows likewise describe projected plan funding and repayment obligations; payments under those rows remain subject to a separate order or a confirmed plan. The present request concerns the operating and household expenses needed to continue the businesses and support the Debtors during reorganization.

6. The monthly expense limits include amounts already spent during the applicable month, including expenditures under an interim order. Further Court approval will be required before exceeding those limits or materially changing the authorized use. The Debtors also maintain accounts at Bank of Commerce; funds subject to that bank's setoff rights, and cash collateral of any holder other than Guaranty, are outside the authority requested here.

**Adequate protection**

7. Sections 363(c)(2) and 363(e) permit the Court to authorize cash-collateral use on terms that adequately protect the holder's interest. In this Chapter 12 case, adequate protection is governed by 11 U.S.C. § 1205. The Debtors propose protection under § 1205(b)(4) through the value of Guaranty's existing collateral and the preservation and reporting requirements described below.

8. The Debtors estimate the value of the Case IH Magnum 275 tractor and John Deere 6700 sprayer securing the $30,000.00 obligation at $65,000.00. They estimate the other equipment and tools securing the $90,642.06 obligation at $120,700.00. The tractor and sprayer are excluded from the latter value. On those valuations, each collateral group exceeds the corresponding debt.

9. The Debtors will maintain and insure Guaranty's collateral, segregate and account for cash collateral, and furnish Guaranty their monthly operating reports. These requirements, set out in paragraph 3 of each proposed order, preserve the collateral and permit Guaranty to monitor the use of cash. Together with the existing collateral value and Budget limits, they provide adequate protection without a replacement lien or a separate cash adequate-protection payment. Guaranty may seek further protection under § 363(e).

10. The proposed orders preserve all claim and lien objections and causes of action; they do not adjudicate Guaranty's claims or liens. Apart from the adequate protection described above, the proposed orders contain none of the provisions requiring special disclosure under Miss. Bankr. L.R. 4001-1(b)(1)(B). See paragraph 5 of each proposed order.

**Interim relief and notice**

11. An expedited preliminary hearing is requested under Bankruptcy Rule 4001(b)(2) and Miss. Bankr. L.R. 9013-1(f). Fuel, repairs and other essential operating expenses must be paid to continue the income-producing work and preserve the equipment. An interruption would impair the Debtors' ability to generate receipts and maintain the estate's assets. Pending a final hearing, the Debtors request only the Budget expenditures necessary to avoid immediate and irreparable harm to the estate.

12. The Debtors request a final hearing no earlier than fourteen days after service of this Motion. The Motion, Budget and proposed orders will be served on Guaranty, Bank of Commerce, the Chapter 12 Trustee, the United States Trustee, and the other recipients required by Bankruptcy Rule 4001(b), Miss. Bankr. L.R. 9013-1(b), and any order of this Court.

WHEREFORE, the Debtors request an expedited preliminary hearing, entry of the proposed interim order, and, after notice and a final hearing, entry of the proposed final order authorizing use of cash collateral through confirmation on the terms stated above, together with such further relief as is appropriate.

Dated: November 20, 2026

Respectfully submitted,
Tansil Edward Porter and
Kelly Nichole Porter, Debtors

BY: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
40 Northtown Drive, Jackson, MS 39211
P.O. Box 13767, Jackson, MS 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtors