**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: TANSIL EDWARD PORTER AND KELLY NICHOLE PORTER, Debtors.** | **CASE NO. 26-14340-JDW** <br> **CHAPTER 12** |

# CHAPTER 12 PLAN OF REORGANIZATION

Tansil Edward Porter and Kelly Nichole Porter (the “Debtors”), doing business as Porter Farms, commenced this Chapter 12 case on November 18, 2026, and propose this Plan to continue their farming and dirt-work operations, retain their home and productive assets, and pay creditors as follows.

## ARTICLE I FUNDING AND DURATION

1. The Debtors shall pay the Chapter 12 Trustee five annual installments of $121,000.00, due November 15, 2027, and each November 15 thereafter through 2031, totaling $605,000.00. The Debtors submit their future earnings and income to the Trustee to the extent necessary to fund the payments provided by this Plan.

2. The Effective Date is the later of January 1, 2027, or the fourteenth day after entry of the confirmation order, unless that order is stayed or fixes another date. The Debtors request a payment period under 11 U.S.C. § 1222(c) sufficient to make the five annual installments ending November 15, 2031, and not exceeding five years. Cause for a period longer than three years is the need to fund secured obligations and required unsecured distributions from five harvest cycles while maintaining operations. Long-term secured obligations continue under Article III.

3. The Plan shall be funded from crop sales, dirt-work collections, Kelly Porter’s wages, and net recoveries administered under the Plan. Exhibit B sets forth the operating projections.

The Debtors shall obtain annual operating credit on authorized terms and repay that credit from crop proceeds, subject to applicable cash-collateral and financing orders.

4. The annual allocations appear in Exhibit A. Trustee compensation shall be paid as authorized under 28 U.S.C. § 586(e). Unused Trustee-fee and administrative reserves shall augment Class 12 after required claim funding and reserves for disputed claims. The annual $121,000.00 payment shall not decrease automatically as those expenses decline.

5. The Debtors shall provide any additional funding necessary to pay allowed administrative and priority claims and to perform the treatment confirmed by the Court. Any required adjustment shall be addressed in the confirmation order or by modification under 11 U.S.C. § 1229.

## ARTICLE II ADMINISTRATIVE AND PRIORITY CLAIMS

6. Class 1 consists of allowed administrative expenses, including compensation and reimbursement allowed to Debtors' counsel under 11 U.S.C. §§ 330 and 503. Counsel shall apply for allowance and credit payments applicable to the services for which allowance is requested. The Plan reserves $20,000.00 for administration, subject to allowance by the Court. Administrative expenses shall be paid through the Trustee as required by 11 U.S.C. § 1226(b). Unused reserves shall be distributed as provided in Article I.

7. Class 2 consists of allowed claims entitled to priority under 11 U.S.C. § 507, other than Class 1. These claims shall be paid in full in deferred cash payments through the Trustee within the payment period stated in Article I, unless the holder agrees to different treatment permitted by law. Claims are paid in statutory priority; claims of equal priority receive the same treatment. The Debtors propose no postpetition interest on unsecured priority tax claims except as required by applicable law or an order. Taxes qualifying under 11 U.S.C. § 1232 receive the treatment

that section permits after compliance with its procedures. A governmental secured claim and any required interest under § 511 shall be determined through the applicable claims and valuation procedures.

**ARTICLE III SECURED CLAIMS**

8. The Debtors request valuation of the secured claims in Classes 3 and 6 through 10 under 11 U.S.C. § 506(a) and Bankruptcy Rule 3012. The stated collateral values are proposed retention values. Secured treatment is limited to the allowed debt and value securing that debt after superior interests; any allowed deficiency receives Class 12 treatment. Claim allowance remains subject to objection and payment credits. This Plan does not enlarge any lien or impose liability on a non-obligor.

9. The retained secured claims in Classes 6 through 10 bear interest at seven percent (7.00%) per annum from the Effective Date on the unpaid allowed secured amount. Interest on those claims accrues on an actual-day, 365-day basis without capitalization of postconfirmation interest. Their scheduled installments use full annual periods; the Trustee shall credit any shorter initial period and reconcile the final payment. Allowed pre-Effective-Date interest and charges are included only to the extent permitted by the Bankruptcy Code. Each retained creditor keeps its existing lien securing the allowed secured claim until that secured claim and the interest provided by this Plan are paid. The creditor shall then provide appropriate releases, except to the extent the same lien lawfully secures another unpaid allowed secured obligation. No creditor shall recover twice on the same debt or collateral value.

10. Class 3 — Bank of Commerce. The Debtors shall retain the remaining farm real estate at 4235 Forty Mile Bend Road, Philipp, Mississippi, consisting of approximately 180.27 acres and the improvements covered by the Bank's valid deeds of trust, excluding property previously

conveyed. The retained value is $832,928.00. The reported claim of $815,904.94 remains subject to allowance and all payment credits. The Bank's allowed secured claim shall be paid directly according to the existing note and valid deeds of trust, including the contractual 9.00% interest rate and annual installments of $76,998.32 due February 10, 2027, February 10, 2028, and February 10, 2029. The remaining balance is due at contractual maturity on February 10, 2030, unless the Bank agrees in writing to an extension or renewal. The Debtors shall seek to complete renewal or refinancing on or before maturity, with Court approval as required. Any allowed prepetition monetary arrearage shall be cured in the amount and on the schedule fixed in the confirmation order, with funding added as necessary. The Bank retains its valid liens and priority. The Debtors shall maintain insurance and pay postpetition property taxes when due.

11. Class 4 — Planet Home Lending, LLC. The Debtors shall retain their residence at 3304 Forty Mile Bend Road, Philipp, Mississippi, and pay the mortgage directly according to its contractual terms, including properly adjusted escrow installments. The scheduled claim is $74,089.00 and the current budgeted installment is $856.00 monthly. The Plan does not reduce this creditor's claim or change its interest rate or maturity. Any allowed prepetition arrearage shall be cured through the Trustee during the payment period stated in Article I, with funding added as necessary; ongoing payments remain payable directly. The mortgage lien remains until satisfaction under the applicable loan and Plan terms.

12. Class 5 — JPMorgan Chase Bank, N.A., doing business as Chase Auto Finance. The 2019 Ford Expedition obligation, scheduled at $26,208.00, shall be paid directly by the nondebtor co-obligor according to the contract. The creditor's lien and contractual payment rights are retained. No estate payment is allocated for this obligation while the co-obligor performs. If the creditor asserts an unpaid claim against either Debtor, payments from the co-

obligor and collateral proceeds shall be credited, and the Debtors shall seek appropriate treatment by agreement or modification. This Plan does not release the co-obligor or duplicate payments on this debt.

13. Class 6 — Deere & Company and John Deere Financial. The Debtors shall retain the John Deere 9620R tractor, Z920M mower, and 3025D tractor at proposed values of $175,000.00, $5,000.00, and $15,000.00, respectively. The estimated aggregate equipment debt is $226,591.17. The proposed aggregate secured amount is $195,000.00, payable through the Trustee in five annual installments of $47,558.69 beginning November 15, 2027. Each contract's secured amount shall be determined separately under § 506(a), subject to valid cross-collateralization and lien priorities. The confirmation order shall allocate the secured amounts and payments among the contracts. The separately scheduled $15,714.23 open account receives Class 12 treatment except to the extent a valid lien and collateral value establish secured status.

14. Class 7 — Guaranty Bank and Trust Company, account ending 4907. Kelly Porter is the named borrower. The proposed allowed secured amount is $90,642.06, payable through the Trustee in five annual installments of $22,106.75 beginning November 15, 2027. The Bank retains its valid security interests in the property securing this obligation. Secured treatment is limited to that property's value after superior interests. Tansil Porter's property is not allocated to this obligation absent an enforceable lien securing it, and value allocated to Class 8 shall not be counted again in Class 7.

15. Class 8 — Guaranty Bank and Trust Company, Case tractor and sprayer obligation. Tansil Porter is the named borrower on account ending 1467. The proposed allowed secured amount is $30,000.00, secured by the 2009 Case IH Magnum 275 MFD tractor, serial number Z9RZ05319, and the 2002 John Deere 6700 sprayer, serial number N06700X006099. The

proposed retained values are $50,000.00 and $15,000.00. The Debtors shall pay the allowed secured claim through the Trustee in five annual installments of $7,316.72 beginning November 15, 2027.

16. Class 9 — Elements Financial. The Debtors shall retain the 2022 GMC Sierra and pay a proposed allowed secured claim of $29,000.00 through the Trustee in five annual installments of $7,072.83 beginning November 15, 2027. The scheduled debt is $44,094.00. Any allowed deficiency receives Class 12 treatment.

17. Class 10 — Sheffield Financial, a division of Truist Bank. The Debtors shall retain the 2022 Can-Am Defender and pay a proposed allowed secured claim of $3,000.00 through the Trustee in five annual installments of $731.67 beginning November 15, 2027. The scheduled debt is $5,080.00. Any allowed deficiency receives Class 12 treatment.

18. Class 11 — Surrendered collateral. The Debtors surrender any remaining estate interest in the repossessed 2024 Buick Enclave to TD Auto Finance. Upon the Effective Date, the stay is modified solely to permit lawful disposition of that vehicle and application of proceeds to the debt. The creditor shall account for proceeds, expenses and credits. Any allowed deficiency receives Class 12 treatment. The CNH New Holland T9.645 and Metalcraft 2814E have been sold; any allowed deficiency claims receive Class 12 treatment, subject to the claims and defenses preserved in Article VI.

## ARTICLE IV GENERAL UNSECURED CLAIMS

19. Class 12 consists of all allowed nonpriority unsecured claims, including trade and open accounts, secured-claim deficiencies, and rejection claims. The Debtors shall provide a minimum aggregate fund of $100,566.70, payable through the Trustee in five annual distributions of

$20,113.34 beginning November 15, 2027. Distributions shall be pro rata on allowed claims. No distribution shall exceed the allowed claim and any interest required by law.

20. Each allowed unsecured claim shall receive at least the value required by 11 U.S.C. § 1225(a)(4), determined as of the Effective Date for the applicable Debtor's estate. Exhibit C sets forth the Debtors' estimated liquidation analysis. The amount and allocation necessary to satisfy that requirement shall be determined at confirmation, with additional funding provided as required. The minimum Class 12 fund shall not decrease except by approved modification.

21. The Debtors anticipate new operating financing from ARM and Triangle and will seek approval by separate motions filed after this Plan. Authorized financing shall be repaid directly from operating funds on the terms approved by the Court. Those payments are separate from the annual Trustee installment.

**ARTICLE V CLAIMS ADMINISTRATION AND PERFORMANCE**

22. Distributions are made only on allowed claims for which a proof of claim is timely filed, or otherwise permitted by an order or applicable law. The Debtors and Trustee retain their rights to object to allowance, amount, priority, secured status, and duplication. Scheduled amounts are estimates for treatment and funding and are not admissions that foreclose an objection. A proof of claim does not alter the specific treatment confirmed after adequate notice. Any necessary change in treatment shall be obtained by appropriate order or modification.

23. The Trustee may reserve the distribution attributable to a timely asserted disputed claim pending resolution and continue distributions on undisputed claims. When the dispute is resolved, reserved funds shall be applied under the allowance ruling and this Plan. Payments under adequate-protection or other interim orders shall be credited to the corresponding claim according to those orders. The Debtors shall maintain the retained collateral, customary

insurance naming valid lienholders as their interests appear, and records sufficient to account for collateral and proceeds.

24. Pursuant to 11 U.S.C. §§ 365 and 1222(b)(6), all unexpired leases of the Debtors not expressly rejected in this Plan or by separate order are assumed upon confirmation, subject to the requirements of § 365. The confirmation order shall constitute approval of such assumption. The Debtors shall perform the assumed leases according to their terms and cure any defaults as required by § 365. Other executory contracts may be assumed or rejected by separate order.

25. The Debtors shall timely file required reports and tax returns, pay postpetition obligations in the ordinary course, and provide the Trustee information reasonably necessary to monitor performance. Direct payments authorized by this Plan shall be reported to the Trustee with proof of payment upon request. Any discharge remains conditioned on completion of all required payments and compliance with § 1228, including applicable domestic-support and other statutory certifications.

## ARTICLE VI PROPERTY AND RETAINED CLAIMS

26. Property of the estates shall remain property of the respective estates until discharge or further order. The Debtors shall remain in possession and operate their businesses under §§ 1203 and 1207. Upon discharge, property shall vest in its lawful owner subject to the valid liens and long-term obligations preserved by this Plan. Dismissal and conversion are governed by the Bankruptcy Code and applicable orders, without a separate release of estate claims or liens under this paragraph.

27. The Debtors retain for their respective estates all causes of action and defenses arising from the CNH financing, repossession, and sale transactions involving the New Holland T9.645 and Metalcraft scraper, including claims against CNH Industrial Capital America LLC and the

dealers involved in those transactions; the disclosed SEIS contract claim; and the disclosed Express Grain litigation and related recoveries. The Debtors also retain avoidance, recovery, and preservation rights concerning the prepetition payments and the real-estate transfers identified in the Statement of Financial Affairs, to the extent those rights exist. Confirmation does not release any of these claims or defenses. Prosecution and compromise remain subject to the Bankruptcy Code, applicable standing requirements, and required court approval.

28. Net nonexempt recoveries, after valid liens and allowed recovery expenses, shall be accounted for to the Trustee and applied to the distributions required by this Plan. Exempt proceeds remain subject to allowed exemptions. Disposition of property outside the ordinary course shall proceed on notice and court approval when required. No third party receives a release, exculpation, or injunction against independent liability through this Plan.

**ARTICLE VII DEFAULT MODIFICATION AND DISCHARGE**

29. An affected creditor or the Trustee shall give the Debtors and their counsel written notice identifying a claimed postconfirmation default and allow thirty days after receipt to cure before seeking enforcement based on that default, except where an emergency requires expedited relief to protect collateral. If the default remains uncured, the affected party may request relief from the Court after appropriate notice and opportunity for hearing. A default does not automatically accelerate restructured debt, terminate a stay, dismiss the case, or authorize repossession without the relief otherwise required by law. Existing interim orders govern until superseded by the confirmation order.

30. The Debtors reserve their rights to modify the Plan before confirmation under § 1223 and to request modification after confirmation under § 1229. The statutory rights of other parties to seek modification are preserved. After completion of required payments, the Debtors shall

request a discharge under § 1228. Long-term debts provided for under § 1222(b)(5) or (9), and other debts excepted by § 1228, are treated as the statute requires. The Court retains jurisdiction to the extent conferred by law to determine claims, enforce and interpret the Plan, resolve retained causes of action, approve appropriate modifications, and conclude administration.

WHEREFORE, the Debtors request confirmation of this Plan, approval of the secured-claim determinations and treatment stated herein after required notice, and such further relief as is proper.

Dated: November 20, 2026

Respectfully submitted,
Tansil Edward Porter and
Kelly Nichole Porter, Debtors

BY: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
40 Northtown Drive, Jackson, MS 39211
P.O. Box 13767, Jackson, MS 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtors

# EXHIBIT A
# PLAN PAYMENT SCHEDULE

Five installments of $121,000.00 are due November 15, 2027, November 15, 2028, November 15, 2029, November 15, 2030, and November 15, 2031.

| Creditor / collateral | Secured amount | Rate | Annual payment |
|---|---|---|---|
| Deere equipment | $195,000.00 | 7.00% | $47,558.69 |
| Guaranty — account 4907 | $90,642.06 | 7.00% | $22,106.75 |
| Guaranty — account 1467 | $30,000.00 | 7.00% | $7,316.72 |
| Elements — GMC | $29,000.00 | 7.00% | $7,072.83 |
| Sheffield — Can-Am | $3,000.00 | 7.00% | $731.67 |

## ANNUAL TRUSTEE FUNDING

| Allocation | Amount |
|---|---|
| Retained secured claims | $84,786.66 |
| Minimum Class 12 fund | $20,113.34 |
| Administrative reserve | $4,000.00 |
| Trustee-fee reserve | $12,100.00 |
| **TOTAL ANNUAL PAYMENT** | **$121,000.00** |

Total scheduled Trustee payments: $605,000.00. Claim and interest adjustments are governed by Article III. Unused Trustee-fee and administrative reserves augment Class 12 under Article I. Direct payments are separate.

# EXHIBIT B
# OPERATING PROJECTION

## CALENDAR YEAR 2027

| **Projected annual receipts and expenditures** | **Amount** |
|---|---|
| Crop receipts | $495,515.00 |
| Dirt-work receipts | $156,590.03 |
| Kelly Porter net wages | $41,853.24 |
| **TOTAL OPERATING RECEIPTS** | **$693,958.27** |
| Farm operating purchases | $364,779.00 |
| Dirt-work fuel and repairs | $54,806.15 |
| Household, including home mortgage | $46,812.00 |
| Bank of Commerce direct installment | $76,998.32 |
| ARM interest | $23,100.00 |
| Triangle interest | $6,462.80 |
| AVAILABLE FOR TRUSTEE PAYMENTS | $121,000.00 |
| Annual Trustee payment | $121,000.00 |
| Operating cash remaining | $0.00 |

The projection provides for 676 crop acres. Crop collections are expected at harvest; dirt-work collections and expenses vary seasonally. The Trustee installment is payable November 15.

Operating credit of $180,000.00 from ARM and $130,000.00 from Triangle is proposed by separate future motions. Financed purchases and interest are included above. Loan advances are not operating income; principal repayments are reflected in the monthly cash budget.

# EXHIBIT C
# LIQUIDATION ANALYSIS

Projected January 1, 2027 comparison • Case 26-14340-JDW
Amounts in dollars

| Asset / category | Gross value | Selling costs | Liens applied | Exemptions applied | Net proceeds |
|---|---|---|---|---|---|
| Cash and accounts | 37,981.84 | — | — | 6,540.00 | 31,441.84 |
| Farm real estate | 832,928.00 | 49,975.68 | 782,952.32 | — | — |
| Residence | 80,000.00 | 4,800.00 | 74,089.00 | 1,111.00 | — |
| Adjoining homestead lot | 3,500.00 | 210.00 | — | 3,290.00 | — |
| Deere 9620R tractor | 175,000.00 | 17,500.00 | 157,500.00 | — | — |
| Deere Z920M mower | 5,000.00 | 500.00 | 4,500.00 | — | — |
| Deere 3025D tractor | 15,000.00 | 1,500.00 | 13,500.00 | — | — |
| Case 275 and Deere 6700 | 65,000.00 | 6,500.00 | 30,000.00 | — | 28,500.00 |
| Other Guaranty equipment and tools | 120,700.00 | 12,070.00 | 90,642.06 | — | 17,987.94 |
| Household goods | 2,750.00 | 275.00 | — | 2,475.00 | — |
| Electronics | 2,600.00 | 260.00 | — | 2,340.00 | — |
| Firearms | 3,700.00 | 370.00 | — | — | 3,330.00 |
| Clothing | 1,800.00 | 180.00 | — | 1,620.00 | — |
| Jewelry | 200.00 | 20.00 | — | 180.00 | — |
| Pet | 10.00 | 1.00 | — | 9.00 | — |
| Office laptop | 2,000.00 | 200.00 | — | 1,800.00 | — |
| Office printer | 100.00 | 10.00 | — | 90.00 | — |
| Ford F-150 | 4,000.00 | 400.00 | — | 3,600.00 | — |
| GMC Sierra | 29,000.00 | 2,900.00 | 26,100.00 | — | — |
| Can-Am Defender | 3,000.00 | 300.00 | 2,700.00 | — | — |
| Ford Expedition | 17,000.00 | 1,700.00 | 15,300.00 | — | — |
| Buick Enclave | 27,000.00 | 2,700.00 | 24,300.00 | — | — |
| **Net equity before administration** | | | | | **81,259.78** |

Lien and exemption deductions are limited to the proceeds available in each category. Exempt retirement funds are excluded. The CNH tractor and scraper were sold before filing; recoveries are treated under Article VI.

## EXHIBIT C — CONTINUED
## CHAPTER 7 AND PLAN COMPARISON

| Comparison | Amount |
|---|---:|
| Net equity before Chapter 7 administration | 81,259.78 |
| Estimated Chapter 7 trustee compensation | (14,292.09) |
| Other administration, tax and priority deductions | — |
| **Estimated Chapter 7 distribution** | **66,967.69** |
| Minimum Class 12 distributions over five years | 100,566.70 |
| Present value of minimum Class 12 distributions | 83,178.38 |
| **Plan value above estimated Chapter 7 distribution** | **16,210.69** |