UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

TANSIL EDWARD PORTER
KELLY NICHOLE PORTER

CASE NO: 26-14340

**DECLARATION OF MAILING CERTIFICATE OF SERVICE**

Chapter: 12

On 11/24/2026, I did cause a copy of the following documents, described below,

Hearing Notice and Motion to Approve Use of Cash Collateral

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 11/24/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

TANSIL EDWARD PORTER
KELLY NICHOLE PORTER

CASE NO: 26-14340

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 12

On 11/24/2026, a copy of the following documents, described below,

Hearing Notice and Motion to Approve Use of Cash Collateral

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 11/24/2026

Victoria Blake

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CERTIFIED 9589071052704123136537

BANK OF COMMERCE
C/O PRESIDENT/CEO
310 HOWARD ST
GREENWOOD MS 38930

CERTIFIED 9589071052704123136544

GUARANTY BANK & TRUST COMPANY
C/O CEO/PRESIDENT
210 N HAYDEN ST
BELZONI MS

FIRST CLASS

DEERE & COMPANY
C/O CT CORPORATION SYSTEM
8927 LORRAINE RD SUITE 204 A
GULFPORT MS 39503

CERTIFIED 9589071052704123136551

ELEMENTS FINANCIAL
C/ CEO/PRESIDENT
225 S EAST ST. STE. 300
INDIANPOLIS IN 46202

CERTIFIED 9589071052704123136568

SHEFFIELD FINANCIAL, A DIVISION OF TRUIST BANK
C/O CEO/PRESIDENT
214 N TRYON ST., STE 3
CHARLOTTE NC 28202

CM/ECF hrg11
(Rev. 07/22/16)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

In Re: Tansil Edward Porter and Kelly Nichole Porter
Debtor(s)

Case No.: 26−14340−JDW
Chapter: 12
Judge: Jason D. Woodard

PLEASE TAKE NOTICE that a hearing will be held at

Oxford Federal Building, 911 Jackson Avenue, Oxford, MS 38655

on 1/20/27 at 10:30 AM

Responses Due: 12/16/26

to consider and act upon the following:

*7* − Motion to Use Cash Collateral Filed by Thomas C. Rollins Jr. on behalf of Kelly Nichole Porter, Tansil Edward Porter. (Attachments: # 1 Exhibit A) (Rollins, Thomas)

Should any party receiving this notice respond or object to said motion such response or objection is required to be filed with the Clerk of this court and served on the Attorney for Movant on or before said response due date. If any objection or response is filed, an evidentiary hearing will be held on the above mentioned date regarding any facts not stipulated to by the parties. If no objection or response is filed, the Court may consider said motion immediately after the objection or response due date. Please note that a corporation, partnership, trust, or other business entity, other than a sole proprietorship, may appear and act in Bankruptcy Court only through a licensed attorney.

A copy of the motion is required to be served pursuant to Rules 9013 and 9014. THE MOVING PARTY'S ATTORNEY IS REQUIRED BY THE STANDING ORDER TO PERFORM NOTICING AS TO SAID MOTION, THE NOTICE OF HEARING, AND THE OBJECTION DEADLINE, ACCORDING TO THE TERMS OF SAID STANDING ORDER. Please see the Standing Order available at:
http://www.msnb.uscourts.gov/sites/msnb/files/so_notic_revised.pdf

Dated: 11/20/26

Shallanda J. Clay
Clerk, U.S. Bankruptcy Court

BY: SI
Deputy Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE: TANSIL EDWARD PORTER AND KELLY NICHOLE PORTER, Debtors.**

**CASE NO. 26-14340-JDW**

**CHAPTER 12**

---

# MOTION FOR INTERIM AND FINAL AUTHORITY TO USE CASH COLLATERAL

---

Tansil Edward Porter and Kelly Nichole Porter (the “Debtors”) request authority to use cash collateral in the continued operation of Porter Farms, on an interim basis pending a final hearing and, after that hearing, through confirmation of their Chapter 12 plan. In support, the Debtors state:

**Background and need for cash collateral**

1. The Debtors filed their Chapter 12 petition on November 18, 2026, and remain in possession under 11 U.S.C. § 1203. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(M).

2. Tansil Porter operates Porter Farms as a sole proprietorship engaged in farming and dirt work. The businesses generate seasonal receipts and require continuing expenditures for supplies, fuel, repairs and insurance. Those operations, together with Kelly Porter’s wages, support the household and provide the income from which the Debtors propose to fund their plan. See Schedule I and its attachment, Dkt. 1, pp. 38–40.

3. Guaranty Bank and Trust Company (“Guaranty”) is scheduled with claims of $90,642.06 and $30,000.00 secured by equipment and other business collateral. Its claimed interests in accounts and proceeds may extend to cash the Debtors need for continuing operations. The Debtors therefore seek authority to use cash and receipts to the extent they constitute Guaranty’s cash collateral. See Schedule D, Dkt. 1, p. 25.

**Proposed use and budget**

4. The operating cash projection attached as Exhibit A (the "Budget") sets out monthly receipts and expenditures from November 2026 through December 2027. The Debtors request authority to pay the ordinary operating and reasonable household expenses shown in the Budget, initially as necessary pending a final hearing and thereafter through confirmation, within the period covered by the Budget. Paragraphs 1 and 2 of the proposed orders implement these limits.

5. Because the Budget covers the next crop cycle, it includes a proposed $180,000.00 ARM advance and $130,000.00 in Triangle supplier credit. Approval of that financing will be sought by separate motions. The debt-service and Trustee-payment rows likewise describe projected plan funding and repayment obligations; payments under those rows remain subject to a separate order or a confirmed plan. The present request concerns the operating and household expenses needed to continue the businesses and support the Debtors during reorganization.

6. The monthly expense limits include amounts already spent during the applicable month, including expenditures under an interim order. Further Court approval will be required before exceeding those limits or materially changing the authorized use. The Debtors also maintain accounts at Bank of Commerce; funds subject to that bank's setoff rights, and cash collateral of any holder other than Guaranty, are outside the authority requested here.

**Adequate protection**

7. Sections 363(c)(2) and 363(e) permit the Court to authorize cash-collateral use on terms that adequately protect the holder's interest. In this Chapter 12 case, adequate protection is governed by 11 U.S.C. § 1205. The Debtors propose protection under § 1205(b)(4) through the value of Guaranty's existing collateral and the preservation and reporting requirements described below.

8. The Debtors estimate the value of the Case IH Magnum 275 tractor and John Deere 6700 sprayer securing the $30,000.00 obligation at $65,000.00. They estimate the other equipment and tools securing the $90,642.06 obligation at $120,700.00. The tractor and sprayer are excluded from the latter value. On those valuations, each collateral group exceeds the corresponding debt.

9. The Debtors will maintain and insure Guaranty's collateral, segregate and account for cash collateral, and furnish Guaranty their monthly operating reports. These requirements, set out in paragraph 3 of each proposed order, preserve the collateral and permit Guaranty to monitor the use of cash. Together with the existing collateral value and Budget limits, they provide adequate protection without a replacement lien or a separate cash adequate-protection payment. Guaranty may seek further protection under § 363(e).

10. The proposed orders preserve all claim and lien objections and causes of action; they do not adjudicate Guaranty's claims or liens. Apart from the adequate protection described above, the proposed orders contain none of the provisions requiring special disclosure under Miss. Bankr. L.R. 4001-1(b)(1)(B). See paragraph 5 of each proposed order.

**Interim relief and notice**

11. An expedited preliminary hearing is requested under Bankruptcy Rule 4001(b)(2) and Miss. Bankr. L.R. 9013-1(f). Fuel, repairs and other essential operating expenses must be paid to continue the income-producing work and preserve the equipment. An interruption would impair the Debtors' ability to generate receipts and maintain the estate's assets. Pending a final hearing, the Debtors request only the Budget expenditures necessary to avoid immediate and irreparable harm to the estate.

12. The Debtors request a final hearing no earlier than fourteen days after service of this Motion. The Motion, Budget and proposed orders will be served on Guaranty, Bank of Commerce, the Chapter 12 Trustee, the United States Trustee, and the other recipients required by Bankruptcy Rule 4001(b), Miss. Bankr. L.R. 9013-1(b), and any order of this Court.

WHEREFORE, the Debtors request an expedited preliminary hearing, entry of the proposed interim order, and, after notice and a final hearing, entry of the proposed final order authorizing use of cash collateral through confirmation on the terms stated above, together with such further relief as is appropriate.

Dated: November 20, 2026

Respectfully submitted,
Tansil Edward Porter and
Kelly Nichole Porter, Debtors

BY: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
40 Northtown Drive, Jackson, MS 39211
P.O. Box 13767, Jackson, MS 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtors

# EXHIBIT A
# PORTER FARMS OPERATING CASH PROJECTION

Case 26-14340-JDW | Nov 2026 through Feb 2027 | Amounts in dollars

| Cash item | Nov 2026 | Dec 2026 | Jan 2027 | Feb 2027 |
|---|---|---|---|---|
| Opening cash | 50,000.00 | 63,114.44 | 37,981.84 | 138,998.24 |
| Crop collections | — | — | — | — |
| Dirt-work receipts | 20,811.72 | 3,511.72 | 3,511.72 | 3,511.72 |
| Net wages | 3,487.77 | 3,487.77 | 3,487.77 | 3,487.77 |
| ARM cash advance | — | — | 180,000.00 | — |
| **Total cash receipts** | **24,299.49** | **6,999.49** | **186,999.49** | **6,999.49** |
| Farm operating purchases | — | 27,002.00 | 80,853.00 | 27,237.00 |
| Less Triangle supplier credit | — | — | — | (1,745.40) |
| Farm operating cash payments | — | 27,002.00 | 80,853.00 | 25,491.60 |
| Dirt-work fuel and repairs | 7,284.05 | 1,229.09 | 1,229.09 | 1,229.09 |
| Household expenses | 3,901.00 | 3,901.00 | 3,901.00 | 3,901.00 |
| Bank of Commerce installment | — | — | — | 76,998.32 |
| Trustee payment — November 15 | — | — | — | — |
| ARM / Triangle principal | — | — | — | — |
| ARM / Triangle interest | — | — | — | — |
| **Total cash payments** | **11,185.05** | **32,132.09** | **85,983.09** | **107,620.01** |
| Net change in cash | 13,114.44 | (25,132.60) | 101,016.40 | (100,620.52) |
| **Closing cash** | **63,114.44** | **37,981.84** | **138,998.24** | **38,377.72** |

The November 2026 column is a full-month forecast using projected November 1 opening cash of $50,000.00; scheduled debtor cash on November 18 is $49,816.38. Earlier expenditures reduce the applicable monthly limits. Cash-collateral authority is prospective.

Cash-collateral authority is limited to operating and household expenses. ARM advances, Triangle supplier credit, debt service and Trustee payments are projections subject to separate Court approval or a confirmed plan. Triangle credit reduces supplier payments and is not a cash receipt.

# EXHIBIT A
# PORTER FARMS OPERATING CASH PROJECTION

Case 26-14340-JDW | Mar 2027 through Jun 2027 | Amounts in dollars

| Cash item | Mar 2027 | Apr 2027 | May 2027 | Jun 2027 |
|---|---|---|---|---|
| Opening cash | 38,377.72 | 15,004.36 | 128.20 | 9,246.50 |
| Crop collections | — | — | — | — |
| Dirt-work receipts | 20,811.72 | 20,811.72 | 18,682.90 | 6,572.90 |
| Net wages | 3,487.77 | 3,487.77 | 3,487.77 | 3,487.77 |
| ARM cash advance | — | — | — | — |
| **Total cash receipts** | **24,299.49** | **24,299.49** | **22,170.67** | **10,060.67** |
| Farm operating purchases | 100,906.00 | 91,827.00 | 2,612.40 | 5,860.00 |
| Less Triangle supplier credit | (64,418.20) | (63,836.40) | — | — |
| Farm operating cash payments | 36,487.80 | 27,990.60 | 2,612.40 | 5,860.00 |
| Dirt-work fuel and repairs | 7,284.05 | 7,284.05 | 6,538.97 | 2,300.50 |
| Household expenses | 3,901.00 | 3,901.00 | 3,901.00 | 3,901.00 |
| Bank of Commerce installment | — | — | — | — |
| Trustee payment — November 15 | — | — | — | — |
| ARM / Triangle principal | — | — | — | — |
| ARM / Triangle interest | — | — | — | — |
| **Total cash payments** | **47,672.85** | **39,175.65** | **13,052.37** | **12,061.50** |
| Net change in cash | (23,373.36) | (14,876.16) | 9,118.30 | (2,000.83) |
| **Closing cash** | **15,004.36** | **128.20** | **9,246.50** | **7,245.67** |

The November 2026 column is a full-month forecast using projected November 1 opening cash of $50,000.00; scheduled debtor cash on November 18 is $49,816.38. Earlier expenditures reduce the applicable monthly limits. Cash-collateral authority is prospective.

Cash-collateral authority is limited to operating and household expenses. ARM advances, Triangle supplier credit, debt service and Trustee payments are projections subject to separate Court approval or a confirmed plan. Triangle credit reduces supplier payments and is not a cash receipt.

# EXHIBIT A
# PORTER FARMS OPERATING CASH PROJECTION

Case 26-14340-JDW | Jul 2027 through Oct 2027 | Amounts in dollars

| Cash item | Jul 2027 | Aug 2027 | Sep 2027 | Oct 2027 |
|---|---|---|---|---|
| Opening cash | 7,245.67 | 4,544.84 | 12,039.34 | 19,819.14 |
| Crop collections | — | — | — | — |
| Dirt-work receipts | 6,572.90 | 18,682.90 | 18,682.90 | 18,682.90 |
| Net wages | 3,487.77 | 3,487.77 | 3,487.77 | 3,487.77 |
| ARM cash advance | — | — | — | — |
| **Total cash receipts** | **10,060.67** | **22,170.67** | **22,170.67** | **22,170.67** |
| Farm operating purchases | 6,560.00 | 4,236.20 | 3,950.90 | 13,734.50 |
| Less Triangle supplier credit | — | — | — | — |
| Farm operating cash payments | 6,560.00 | 4,236.20 | 3,950.90 | 13,734.50 |
| Dirt-work fuel and repairs | 2,300.50 | 6,538.97 | 6,538.97 | 6,538.97 |
| Household expenses | 3,901.00 | 3,901.00 | 3,901.00 | 3,901.00 |
| Bank of Commerce installment | — | — | — | — |
| Trustee payment — November 15 | — | — | — | — |
| ARM / Triangle principal | — | — | — | — |
| ARM / Triangle interest | — | — | — | — |
| **Total cash payments** | **12,761.50** | **14,676.17** | **14,390.87** | **24,174.47** |
| Net change in cash | (2,700.83) | 7,494.50 | 7,779.80 | (2,003.80) |
| **Closing cash** | **4,544.84** | **12,039.34** | **19,819.14** | **17,815.34** |

The November 2026 column is a full-month forecast using projected November 1 opening cash of $50,000.00; scheduled debtor cash on November 18 is $49,816.38. Earlier expenditures reduce the applicable monthly limits. Cash-collateral authority is prospective.

Cash-collateral authority is limited to operating and household expenses. ARM advances, Triangle supplier credit, debt service and Trustee payments are projections subject to separate Court approval or a confirmed plan. Triangle credit reduces supplier payments and is not a cash receipt.

# EXHIBIT A
# PORTER FARMS OPERATING CASH PROJECTION

Case 26-14340-JDW | Nov 2027 through Dec 2027 | Amounts in dollars

| Cash item | Nov 2027 | Dec 2027 |
|---|---|---|
| Opening cash | 17,815.34 | 64,498.24 |
| Crop collections | 495,515.00 | — |
| Dirt-work receipts | 18,682.90 | 1,382.85 |
| Net wages | 3,487.77 | 3,487.77 |
| ARM cash advance | — | — |
| **Total cash receipts** | **517,685.67** | **4,870.62** |
| Farm operating purchases | — | 27,002.00 |
| Less Triangle supplier credit | — | — |
| Farm operating cash payments | — | 27,002.00 |
| Dirt-work fuel and repairs | 6,538.97 | 484.02 |
| Household expenses | 3,901.00 | 3,901.00 |
| Bank of Commerce installment | — | — |
| Trustee payment — November 15 | 121,000.00 | — |
| ARM / Triangle principal | 310,000.00 | — |
| ARM / Triangle interest | 29,562.80 | — |
| **Total cash payments** | **471,002.77** | **31,387.02** |
| Net change in cash | 46,682.90 | (26,516.40) |
| **Closing cash** | **64,498.24** | **37,981.84** |

The November 2026 column is a full-month forecast using projected November 1 opening cash of $50,000.00; scheduled debtor cash on November 18 is $49,816.38. Earlier expenditures reduce the applicable monthly limits. Cash-collateral authority is prospective.

Cash-collateral authority is limited to operating and household expenses. ARM advances, Triangle supplier credit, debt service and Trustee payments are projections subject to separate Court approval or a confirmed plan. Triangle credit reduces supplier payments and is not a cash receipt.